## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RANDI KELLY

     Plaintiff,

vs.

WILLIAM BEAUMONT HOSPITAL
AS PLAN ADMINISTRATOR FOR THE
William Beaumont Hospital Group
Insurance Arrangement of Welfare
Plans,

     Defendant.

Case No.: 21-cv-
Hon.

**Patrick J. Derkacz (P48988)**
SERAFINI, MICHALOWSKI,
DERKACZ & ASSOCIATES, P.C.
Attorneys for Plaintiff
44444 Mound Rd., Suite #100
Sterling Heights, MI  48314
(586) 264-3756 / 3783-fax
patd@smdalaw.com

## PLAINTIFF'S COMPLAINT

**NOW COMES** Plaintiff, RANDI KELLY, by her attorneys, Patrick Derkacz and Serafini, Michalowski, Derkacz & Associates and for her Complaint against Defendant, William Beaumont Hospital, as plan administrator for the William Beaumont Hospital Group  Insurance Arrangement of Welfare Plans,

states the following:

1.     At all times relevant hereto, Plaintiff, RANDI KELLY, was a resident of

Farmington Hills, Michigan.

2.     Metropolitan Life Insurance Company  provided long-term disability

coverage pursuant to the terms of a group employee benefit plan provided for the

benefit of Plaintiff, RANDI KELLY, and other employees, by their employer-

William Beaumont Hospital.

3.     The long-term disability insurance policy issued by Defendant,

Metropolitan Life Insurance Company, is a group employee benefit plan covered

by and within the meaning of the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. § 1001 et seq.

4.     Pursuant to the Plan document William Beaumont Hospital is the Plan

Administrator with a designated address of:

> **Section 19.21 Plan Administrator. William Beaumont Hospital; Corporate Human Resources, 3601 W. 13 Mile Road, Royal Oak, MI, 48073-6769; (248) 423-3852.**

5.     According to the Plan document:

> (f) Enforce Your Rights. If your claim for a welfare benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules. Under ERISA, there are steps you can take to enforce the above rights. **For instance, if you request a copy of Plan documents or the latest annual report from the Plan and do not receive them within 30 days, you may file suit in a Federal court. In such a case, the court may require the Plan Administrator to provide the**

2

**materials and pay you up to $110 a day until you receive the materials,** unless the materials were not sent because of reasons beyond the control of the Administrator……. (Emphasis Added)

5.    On August 13, 2020 Plaintiff, through counsel requested a copy of all relevant documents including the insurance contract from MetLife, the claims administrator.

6.    MetLife responded on August 31, 2020 advising Plaintiff's counsel that her request for the Plan documents should be directed to:

> William Beaumont Hospital
> Corporate Human Resources
> 3601 W. 13 Mile Road
>  Royal Oak, MI, 48073-6769;
> (248) 423-3852.

7.    On September 2, 2020 counsel sent a request for the plan documents to  said address.

8.    On January 6, 2021 counsel again sent another request for the plan documents to the designated address.

9.    Despite the repeated requests, Plaintiff received no response to the requests.

10.    Plaintiff was forced to file her administrative appeal without benefit of the plan documents.

11.    Plaintiff was not provided a copy of the plan documents until MetLife filed the administrative record on July 30, 2021 in the case currently pending in this Court (case No. 21-cv-11088) before the Hon. Laurie J. Michelson

12.     331 days elapsed between Plaintiff's original request for documents to the

Plan Administrator before the plan documents were provided.

13.     Accordingly, the documents were 301 days overdue.

14.     Plaintiff, RANDI KELLY, is a person empowered to bring a civil action

under 29 U.S.C. § 1132(a)(1)(B).

## COUNT I
## ACTION UNDER ERISA 29 USC 1132 (c)

15.     Plaintiff incorporates by reference Paragraphs 1 through 14 as though fully

set forth above.

16.     Section 1132(c) of the statute provides:

> Any administrator ... who fails or refuses to comply with a request for
> any information which such administrator is required by this subchapter to
> furnish to a participant or beneficiary ... within 30 days after such request
> may in the court's discretion be personally liable to such participant or
> beneficiary in the amount of up to $100 a day from the date of such failure
> or refusal, and the court may in its discretion order such other relief as it
> deems proper.

17.     Defendant failed to provide the requested plan documents on a timely basis

in violation of Section 1132(c).

18.     As required by the Debt Collection Improvement Act of 1996, the $100

limit has been increased to $110 for violations after July 29, 1997. 62 Fed. Reg.

40696.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment for the following:

A. Order Defendant to pay the beneficiary $110 per day for each day the requested documents were not provided past the 30 days allowed.

B. Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

C. For such other relief as may be deemed just and proper by the Court.

Respectfully submitted,

**SERAFINI, MICHALOWSKI, DERKACZ & ASSOCIATES, P.C.**

By: /s/ Patrick J. Derkacz
 Patrick J. Derkacz (48988)
 44444 Mound Rd., Ste. #100
 Sterling Heights, MI 48314
 (586) 264-3756

Dated:  August 11, 2021